ERNEST L. KIBBLE AND MARIA D. KIBBLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kibble v. Commissioner
Docket No. 4900-78.
United States Tax Court
T.C. Memo 1982-245; 1982 Tax Ct. Memo LEXIS 501; 43 T.C.M. (CCH) 1300; T.C.M. (RIA) 82245; May 4, 1982. *501 Held, petitioners failed to substantiate business travel expenses in compliance with sec. 274(d), I.R.C. 1954; certain charitable contributions are determined under the Cohan rule ( Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930)). David Leeper, for the petitioners. David W. Johnson, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, *502 Judge:* Respondent determined a deficiency of $ 831.70 in petitioners' Federal income tax for the year 1974. The deficiency is based on lack of substantiation of employee business expenses for travel, meals and loading and certain itemized deductions. Some deductions were stipulated prior to trial, leaving for decision whether or not petitioners have satisfied the requirements of section 274(d)[1] with respect to unreimbursed meals and lodging expense and whether claimed cash charitable contributions were made. FINDINGS OF FACT The stipulation of facts together with the exhibits are incorporated herein by reference. Petitioners, Mr. and Mrs. Kibble, are husband and wife and resided in El Paso, Texas, at the time the petition was filed. They filed a joint Federal income tax return for the year 1974. During 1974 Mr. Kibble was employed part of the time *503 as an over-the-road truck driver for El Paso Acid Corporation. It is out of this employment that the disallowed business travel expense arose. [2] As a truck driver for El Paso Acid Corporation, Mr. Kibble made numerous trips from El Paso to various places in Texas and Arizona. Some trips were overnight and others were completed in one day. He kept daily logbooks as required by the Interstate Commerce Commission, which contain an accurate record of travel, as well as off-duty hours, but furnish no evidence of lodging or meal expense. The logbooks do demonstrate the necessity for meals as well as sleeping facilities. Mr. Kibble testified that he had also kept detailed records of actual meal and lodging expenses, with receipts; that these records were stored in a shed adjacent to his residence; that sometime during the year 1978 the roof of the shed blew off during a storm; that the records were water damaged beyond utilization; and that sometime thereafter they were thrown out. Surprisingly, Mr. Kibble was unable to recall at trial *504 the names or locations of any lodging place or of any restaurant used during this period. He estimated his expenses for lodging at about $ 10 per night and for meals at approximately $ 5 per meal. The record is not entirely clear as to the number of trips with respect to which lodging expense was incurred. According to the testimony, 14 trips were over-night. On petitioners' 1974 tax return, expenses for meals at $ 5 per trip for 190 trips and for lodging at $ 6.50 per night for 32 nights were claimed. There is some discrepancy in the testimony as to exactly when the storn occurred and as to what records were lost, but Mr. Kibble was emphatic that the expense records were presented to H & R Block, his income tax return preparer, at the time his 1974 income tax return was prepared. However, both petitioner's 1973 and 1974 Federal income tax returns, which were prepared by H & R Block, claimed such expenses on the basis of estimates. Mrs. Kibble is a devout Catholic, and during 1974 was a regular attendee at petitioners' church in El Paso. There is no doubt that some cash contributions were made to the church but the record is unclear as to the amounts of the contributions, *505 or as to how petitioners arrived at the sum of $ 1,123 claimed on their 1974 tax return as church contributions. It is stipulated that $ 302.50 was contributed to Vic Coburn Evangelistic Association. Mr. Kibble also contributed during 1974 $ 100 to the Salvation Army, $ 5 to the Boy Scouts, $ 10 to the United Campaign and $ 10 to the Mormon Church. Thus, out of a total of $ 1,248 of charitable contributions claimed in 1974, petitioners have substantiated adequately the sum of $ 427.50. OPINION Section 162(a)(2) provides statutory authority for the deduction of travel expenses, including meals, but section 274(d) imposes a specific requirement of substantiation. More specifically, a taxpayer must substantiate travel expense by adequate records or other sufficient evidence corroborating his own statement as to the amount of expense, the time and place thereof and the business purposes. The motor vehicle logbooks are sufficient to show the business purpose and the dates and locality of the travel, but they do not pinpoint places, times and cost of meals or lodging. The records Mr. Kibble described as having been destroyed would have satisfied the balance of the substantiation *506 requirements for the meals and lodging expense, particularly since he testified that in each instance he obtained a receipt from the restaurant or hotel. Where such records are destroyed, section 1.274-5(c)(5), Income Tax Regs., [3] allows a taxpayer to substantiate his deduction "by reasonable reconstruction of his expenditures." The only reconstruction offered in this case was the vague estimation by Mr. Kibble of amounts. Mr. Kibble's logbook and testimony do not fulfill the requirements of these regulations. Owen v. Commissioner,T.C. Memo. 1982-181. It seems unlikely that petitioners' 1973 and 1974 tax returns would have claimed the business travel deduction on an estimated basis if Mr. Kibble *507 had had, as he testified, the detailed records available. That aside, however, and assuming that adequate records were destroyed in casualty, nevertheless, petitioners have not sustained their burden of a "reasonable reconstruction" of these expenditures. The estimates of $ 5 per meal and $ 10 per night and approximately four meals on overnight trips and less than that on shorter trips simply do not suffice. See Stemkowski v. Commissioner,76 T.C. 252, 310 (1981), on appeal (2d Cir., Oct. 5, 1981), consolidated case Hanna v. Commissioner, on appeal (4th Cir., Nov. 10, 1981). [4] Thus, we do not reach the question as to whether the cost of meals consumed during the shorter trips was a personal expenditure or whether the "away from home" test of section 162(a)(2) was satisfied. See United States v. Correll,389 U.S. 299 (1967). In view of the requirements of section 274(d) and the regulations, petitioners have not discharged their burden of proving that respondent's determination is incorrect in this respect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
*508 Petitioners on brief argue that the notice of deficiency was arbitrary because the revenue agents would not meet with Mr. Kibble outside normal working hours. We find no support in the record for the contention that actions of the revenue agents were arbitrary or that petitioners were prejudiced thereby. The testimony as to petitioners' contributions to their church in El Paso could easily have been made more convincing. There is no reason to suppose Mrs. Kibble could not have satisfactorily corroborated Mr. Kibble's testimony as to her regular attendance and her regular contributions, even when Mr. Kibble was out of town. However, we are convinced that some cash contributions must have been made to the El Paso church. Father Martinez would not have testified as a witness if the petitioners had not been regular parishioners during 1974. Therefore, we hold that, in addition to the cash contributions included in the stipulation and those which we have found were made, petitioners are entitled to a deduction of $ 500 for contributions to the church in El Paso. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Thus, charitable contributions for the year aggregate *509 $ 927.50. Decision will be entered under Rule 155.
Footnotes
*. This case was tried before Judge Cynthia H. Hall, who has resigned from the Court. By order of the Chief Judge, dated January 13, 1982, the case was reassigned to Judge Meade Whitaker↩ for disposition. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. The parties have stipulated as to the amount of business travel expense incurred during the course of a different employment during 1974.↩
3. Sec. 1.274-5(c)(5), Income Tax Regs., provides: (5) Loss of records due to circumstances beyond control of taxpayer.↩ Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures.
4. See also Reis v. Commissioner,T.C. Memo. 1982-213; Owen v. Commissioner,T.C. Memo. 1982-181; Henson v. Commissioner,T.C. Memo. 1980-140; and Byars v. Commissioner,T.C. Memo. 1978-467↩.